IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00625-BNB

EVERETT J. WILSON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTION CORP. OF AMERICA,
WARDEN KURTZ, C.C.A., and
D.O.C. LEAISIEN MAINES OF C.C.A.,

    Defendants.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 4 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Everett J. Wilson, is a prisoner in the custody of the Colorado Department of Corrections at the Huerfano County Correctional Facility at Walsenburg, Colorado. Mr. Wilson initiated this action by filing *pro se* a complaint. On April 10, 2007, he filed on the proper form a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the amended complaint liberally because Mr. Wilson is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wilson will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed in this action and finds that it is deficient because Plaintiff fails to allege specific facts in support of his claims to demonstrate that each named Defendant personally participated in the asserted

constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wilson must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Wilson will be directed to file a second amended complaint in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Mr. Wilson is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Wilson should name as Defendants in the amended complaint the individuals or entities he believes actually violated his constitutional rights. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file a

second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 4, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00625-BNB

Everett J. Wilson
Prisoner No. 120419
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/4/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk