IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00625-BNB

EVERETT J. WILSON,
    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTION CORP. OF AMERICA "CCA,"
WARDEN KURTZ OF CCA,
DOC LIAISON MAINES OF CCA, and
ARISTEDES W. ZAVARAS, Executive Director,
    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN ~ 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Everett J. Wilson is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Huerfano County Correctional Facility at

Walsenburg, Colorado.  Mr. Wilson initiated this action by filing *pro se* a complaint.  On

April 10, 2007, he filed an amended complaint on the proper form alleging that his rights

under the United States Constitution have been violated.  On May 4, 2007, Magistrate

Judge Boyd N. Boland ordered Mr. Wilson to file a second amended complaint to allege

specific facts demonstrating how each named Defendant personally participated in the

asserted constitutional violations.  On May 18, 2007, Mr. Wilson filed his second

amended complaint.  He seeks money damages as well as unspecified declaratory and

injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second

amended complaint because Mr. Wilson is a prisoner and he is seeking redress from

officers or employees of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the second amended complaint, or any portion of the second amended complaint, that is legally frivolous or that seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the second amended complaint in part pursuant to § 1915A(b).

The Court must construe the second amended complaint liberally because Mr. Wilson is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be the *pro se* litigant's advocate.  *See id.*

Mr. Wilson asserts three Eighth Amendment claims complaining about the medical treatment he has received while incarcerated.  He first claims that he was transferred to new facilities on two occasions in 2006 without his medical file, which caused him to suffer because he had no medications and prison officials were unaware of his medical restrictions.  Mr. Wilson alleges in his second claim that he was denied oxygen several times over the course of ten months even though the oxygen was

2

prescribed by a doctor.  Mr. Wilson finally claims that he was denied a transfer to a facility that had adequate resources to accommodate his medical needs.  Construing the second amended complaint liberally, Mr. Wilson asserts these claims against Defendants Warden Kurtz, DOC Liaison Maines, and the DOC.  Mr. Wilson does not assert any claims against Defendants Aristedes W. Zavaras and the Correction Corp. of America and he does not assert any facts to demonstrate that those Defendants personally participated in the alleged Eighth Amendment violations.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Wilson must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The claims against Defendants Aristedes W. Zavaras and Correction Corp. of America will be dismissed for lack of personal participation because Mr. Wilson makes no allegations against either of those Defendants.

The DOC also will be dismissed as a party to this action because Mr. Wilson's claims against the DOC are barred by the Eleventh Amendment.  *See Will v. Michigan*

*Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, the DOC must be dismissed as a party to this action. In addition, because Mr. Wilson asserts his first claim for relief only against the DOC, that claim also will be dismissed.

The Court will not address at this time the merits of Mr. Wilson's claims against the two remaining Defendants, Warden Kurtz and DOC Liaison Maines. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Colorado Department of Corrections, Correction Corp. of America, and Aristedes W. Zavaras are dismissed pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants Colorado Department of Corrections, Correction Corp. of America, and Aristedes W. Zavaras are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this *31* day of _____*May*_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00625-BNB

Everett J. Wilson
Prisoner No. 120419
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _6/1/07_

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk