IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00625-WDM-MJW

EVERETT J. WILSON,

    Plaintiff,

v.

WARDEN KURTZ OF CCA, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no. 56) that Defendant Kurtz's Motion to Dismiss (doc no 36) be granted in part and denied in part and that Defendant Sterling Correctional Facility Medical Department be dismissed as a party in this action. Defendant Kurtz filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). Plaintiff did not file an objection. For the reasons set forth below, I accept Magistrate Judge Watanabe's recommendation.

I have reviewed the pertinent portions of the record in this case, including the Second and Third Amended Complaints[1], the motion to dismiss and Plaintiff's two

---

[1] Plaintiff's Third Amended Complaint incorporated his claims from the Second Amended Complaint. Magistrate Judge Watanabe addressed all claims asserted in the two pleadings in his recommendation.

pleadings in response, the recommendation, and Defendant's objections. Plaintiff is an incarcerated prisoner. His claims are based on his assertion that his medical records were not properly transferred during a transfer to Huerfano County Correctional Facility ("HCCF") and that he was improperly denied doctor-prescribed oxygen and other treatment at HCCF and at the Sterling Correctional Facility. Although Plaintiff eventually received an oxygen concentrator, he asserts that he continues to have problems and should have been transferred to a facility at a lower elevation or one better equipped to accommodate his supplemental oxygen needs.

As noted by Magistrate Judge Watanabe, between Plaintiff's Second and Third Amended Complaint, Plaintiff appears to assert the following claims: (1) denial of physician-prescribed oxygen while at HCCF; (2) continued detention at HCCF despite the alleged inability to accommodate his need for oxygen there; (3) medical deliberate indifference by failing to provide oxygen and other treatment; (4) practicing medicine without a license by denying treatment in contravention of administrative regulations; (5) "sanitizing" Plaintiff's medical records when he was at the Sterling Correctional Facility; (6) conspiracy. Defendant Kurtz is Warden of HCCF and, therefore, claims relating to events at the Sterling Correctional Facility do not appear to apply to him. Kurtz seeks dismissal on the grounds that Plaintiff's claims do not state a constitutional violation, Plaintiff fails to allege any personal participation by Kurtz, Plaintiff cannot establish deliberate indifference by Kurtz, Plaintiff cannot demonstrate a causal connection between Kurtz's alleged actions and any damage Plaintiff incurred, and the conspiracy claim fails as a matter of law.

Magistrate Judge Watanabe concluded that Plaintiff's allegation that Kurtz had

refused to authorize Plaintiff's oxygen was sufficient to plausibly state a claim of an Eighth Amendment violation against Kurtz. Magistrate Judge Watanabe agreed with Kurtz, however, that Plaintiff had asserted nothing more than conclusory allegations of conspiracy and that the conspiracy claim should be dismissed. No party has objected to this portion of the recommendation. I agree that Plaintiff's conspiracy claim is based on conclusory allegations, not on specific facts, and that it should be dismissed.

The remaining claims against Kurtz appear to relate entirely to the alleged denial of oxygen and other prescribed treatment (to the extent that such denial occurred at HCCF), which states a colorable claim of a violation of Plaintiff's Eighth Amendment right to adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.") (internal quotation marks omitted). In his objection, Defendant argues that the claims should nonetheless be dismissed because the fact upon which Plaintiff relies is essentially double hearsay–specifically, Plaintiff was told by an unnamed medical staff member that Defendant refused to approve the order for oxygen. Although the factual averment is minimal, on a motion to dismiss I must determine whether, Plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Accepting as true that Defendant refused to approve Plaintiff's physician-prescribed oxygen and drawing all reasonable inferences in the light most favorable to Plaintiff, I agree with Magistrate Judge Watanabe that Plaintiff's claim for relief is plausible. Accordingly, dismissal is not appropriate.

Finally, Magistrate Judge Watanabe recommended that one of Plaintiff's additional

defendants, the Sterling Correctional Facility Medical Department, be dismissed as it is not an entity that can properly be made a party to these proceedings. No party has objected to this recommendation and I agree with Magistrate Judge Watanabe's analysis in this regard.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe (doc no. 56) is accepted. Defendant Kurtz's Motion to Dismiss (doc no 36) is granted in part and denied in part. Plaintiff's claim of conspiracy against all parties is dismissed, but all other claims remain pending.

2. Defendant Sterling Correctional Facility Medical Department is dismissed as a party to this action.

DATED at Denver, Colorado, on February 20, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge