IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00625-WDM-MJW


EVERETT J. WILSON,

Plaintiff,

v.

BEVERLY DOWIS, et al.,

Defendants.

---

**ORDER TO SHOW CAUSE
and
ORDER SETTING STATUS CONFERENCE**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by District Judge Walker D. Miller on July 6, 2007. (Docket No. 20).

In an Order Setting Scheduling/Planning Conference filed on July 10, 2008, this

court set a Scheduling/Planning Conference on September 25, 2008, at 9:30 a.m. in

Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver,

Colorado. (Docket No. 81). In that Order, the parties were directed to conduct a pre-

scheduling conference meeting, to submit a proposed Scheduling Order, and to submit

Confidential Settlement Statements. (Docket No. 81). A copy of that Order was sent to

the pro se plaintiff at the address he provided to the court following his release from

incarceration. (Docket No. 54). Plaintiff's copy of that Order was not returned by the

U.S. Postal Service as undeliverable.

Plaintiff did not seek a continuance of the conference, nor did he telephone the court at the time of the proceeding. The weather in Denver was sunny and clear, and the roads were clear. The proceeding was even delayed slightly while the court completed another conference. Nevertheless, the plaintiff failed to appear as directed. Furthermore, on September 17, 2008, at attempt was made by defense counsel to hold a second 26(f) meeting prior to the filing of the proposed Scheduling Order, but plaintiff was unavailable. (See Docket No. 84 at 3). In addition, plaintiff did not submit a Confidential Settlement Statement as directed by this court.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **October 21, 2008, at 1:30 p.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which the **plaintiff shall appear in person** and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). In addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendants' attorney fees and costs and a finding and order of contempt. It is further

**ORDERED** that a Status Conference will also be held on **October 21, 2008, at 1:30 p.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th

Street, Denver, Colorado.


Dated: September 25, 2008  s/ Michael J. Watanabe
    Denver, Colorado   Michael J. Watanabe
             United States Magistrate Judge