IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00625-WDM-MJW

EVERETT J. WILSON,

Plaintiff,

v.

BEVERLY DOWIS, et al.,

Defendants.

---

**RECOMMENDATION THAT THIS ACTION BE DISMISSED
BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO
PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on July 6, 2007. (Docket No. 20).

In an Order Setting Scheduling/Planning Conference filed on July 10, 2008, this court set a Scheduling/Planning Conference on September 25, 2008, at 9:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. (Docket No. 81). In that Order, the parties were directed to conduct a pre-scheduling conference meeting, to submit a proposed Scheduling Order, and to submit Confidential Settlement Statements. (Docket No. 81). A copy of that Order was sent to the pro se plaintiff at the address he provided to the court following his release from incarceration. (Docket No. 54). Plaintiff's copy of that Order was not returned by the U.S. Postal Service as undeliverable.

Plaintiff did not seek a continuance of the conference, nor did he telephone the court at the time of the proceeding. The weather in Denver was sunny and clear, and the roads were clear. The proceeding was even delayed slightly while the court completed another conference. Nevertheless, the plaintiff failed to appear as directed. Furthermore, on September 17, 2008, at attempt was made by defense counsel to hold a second 26(f) meeting prior to the filing of the proposed Scheduling Order, but plaintiff was unavailable. (See Docket No. 84 at 3). In addition, plaintiff did not submit a Confidential Settlement Statement as directed by this court.

Based upon the above, on September 25, 2008, this court issued an Order to Show Cause and Order Setting Status Conference. (Docket No. 86). In that Order, this court set forth the above history of the case, advised plaintiff of the pertinent provisions of Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii)-(vii), 16(f)(2), and 41(b), and directed the plaintiff to appear in person for a Show Cause Hearing on October 21, 2008, at 1:30 p.m. at which plaintiff was to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). (Docket No. 86). Plaintiff was advised in that Order that "[i]n addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendants' attorney fees and costs and a finding and order of contempt." (Docket No. 86 at 3). The Clerk mailed a copy of that Order and of the Courtroom Minutes/Minute Order from the September 25, 2008, proceeding to the plaintiff at the last address plaintiff provided to the court. (Docket No. 89). That mailing was not returned to the court as undeliverable by the U.S. Postal Service.

Despite those clear directives and warnings, plaintiff once again failed to appear as directed. As before, plaintiff did not seek a continuance of the conference, nor did he

telephone the court at the time of the proceeding. The weather and roads in Denver were clear. Defense counsel appeared for the proceeding.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** this case be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders and that plaintiff pay defendants' attorney fees and costs for the September 25 and October 21, 2008, proceedings. If this recommendation is accepted, it is further recommended that the pending Motion to Dismiss filed by defendant Melissa Maine (Docket No. 82) be denied as moot.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: October 21, 2008  s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge