IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  07-cv-00625-WDM-MJW

EVERETT J. WILSON,

        Plaintiff,

v.

BEVERLY DOWIS, et al.,

        Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

        This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no. 90) that this case be dismissed for failure to appear, failure to prosecute, and failure to comply with court orders.  Plaintiff did not file an objection to the recommendation and therefore is not entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Watanabe's recommendation.

        I have reviewed the pertinent portions of the record in this case.  Plaintiff's claims are based on his assertion that his medical records were not properly transferred during a transfer to Huerfano County Correctional Facility ("HCCF") and that he was improperly denied doctor-prescribed oxygen and other treatment at HCCF and at the Sterling Correctional Facility ("SCF").  He has apparently been released from state custody since the filing of his complaint.  As set forth in detail in the recommendation, Plaintiff failed to appear at a September 25, 2008 Scheduling/Planning Conference and did not participate

in the preparation of a proposed scheduling order pursuant to Fed. R. Civ. P. 26(f). Magistrate Judge Watanabe issued an Order to Show Cause (doc no 86) advising Plaintiff of his obligations and ordering him to appear at a hearing on October 21, 2008 to show cause why the case should not be dismissed. Plaintiff was warned that the case could be dismissed and additional sanctions imposed. Plaintiff nonetheless failed to appear.

Plaintiff has apparently abandoned this litigation. Magistrate Judge Watanabe recommends dismissing this case for failure to prosecute as well as failure to comply with this court's orders pursuant to Fed. R. Civ. P. 41(b), 16(f), and 37. Magistrate Judge Watanabe further recommends that Plaintiff be ordered to pay defendants' attorneys' fees and costs for the September 25, and October 21, 2008 proceedings.

I agree with Magistrate Judge Watanabe that this case should be dismissed for failure to prosecute pursuant to D.C.COLO.LCivR 40.1. Such dismissals are normally without prejudice. However, in circumstances where dismissal without prejudice may nonetheless mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions.

The defendants have experienced some prejudice, as this litigation has been ongoing for some time and has involved numerous motions to dismiss, one of which is still pending. The case cannot proceed on the merits without Plaintiff's participation. Defendants have also incurred attorneys' fees and costs because of Plaintiff's failure to

appear at the two hearings. I note that Plaintiff's conduct has also resulted in some interference with the judicial process as well, since Magistrate Judge Watanabe has scheduled two hearings and issued numerous orders to Plaintiff. Plaintiff is entirely responsible for these circumstances, as he has simply failed to continue his participation in this litigation. In addition, he was warned by Magistrate Watanabe in the order to show cause that failure to respond could result in dismissal. Finally, I conclude that lesser sanctions would have no efficacy, since the matter is at a standstill without Plaintiff's presence in the case and he is the only one who can change the situation.

In addition, I agree with Magistrate Judge Watanabe that an additional sanction is appropriate, since Defendants incurred additional attorneys' fees as a direct result of Plaintiff's conduct.

Accordingly, it is ordered:

1.    The recommendation of Magistrate Judge Watanabe (doc no. 90) is accepted.

2.    As a sanction for his failure to appear, Plaintiff shall pay Defendant's costs and attorneys' fees incurred for the September 25 and October 21, 2008 proceedings. Defendants may submit an affidavit, in compliance with the Federal Rules of Civil Procedure, this court's local rules, and my Trial and Pretrial Procedures setting forth the reasonable attorneys' fees incurred in this action on or before November 28, 2008. Plaintiff may file objections

within ten days of the filing of the affidavit.

3.      This case is dismissed without prejudice.  All other pending motions are

denied as moot.

DATED at Denver, Colorado, on November 12, 2008.

                                                    BY THE COURT:


                                                    s/ Walker D. Miller
                                                    United States Senior District Judge